## EVIDENCE AS TO INTENTION OF TESTATOR.

Circuit Court of Cuyahoga County.

MINOT L. NEWTON v. LAURA M. McKINSTRY.

Decided, April, 1907.

*Wills—After-Acquired Real Estate—Passes Under Residuary Clause of Will.*

1. Revised Statutes, Section 5969, provides that after-acquired real estate, as well as personal property, shall pass under the will "if such shall clearly and manifestly appear by the will to have been the intention of the testator." While this intention must "appear by the will," still testator's circumstances and surroundings may be considered, but they must be the circumstances surrounding her at the date of the will, and not long afterward.

2. A disposition by will of "all the rest and residue of my estate and property," makes it "clear and manifest" that the testator intended that any real estate she might acquire after making the will, should pass under it.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This is an action brought for the partition of certain lands as to which it is claimed Caroline Newton, under whom all the parties claim, died intestate. The common pleas court found that the land in question passed under the will of Caroline Newton and dismissed the petition.

A consideration of the case requires a construction of said will and a determination of whether real estate acquired by the testator after she made her will, passed under it.

It seems that Caroline Newton, wife of Lucius Newton, on the 7th day of June, 1887, was the owner of a farm of 14.42 acres in Richfield township, Summit county, Ohio, worth about $2,000, and a small amount of personal property. She then had five children, and on said day made the will in question, in which after making certain bequests, she left the residue of her estate to her husband in trust, for the benefit of her daughter, the defendant, Laura M. McKinstry.

On September 20, 1893, her husband, Lucius Newton, a thrifty farmer, worth about $14,000, made his will, giving all his property to his wife. Lucius lived until December 4th, 1896, when he died seized of the premises here involved, which together with all his estate, under the terms of his said will, passed to his widow. But she had lost her mind sometime before her husband died and was so mentally infirm that a guardian was appointed for her six days after her husband's death. Whether she was *non compos* at the time her husband drew the will, in 1893, does not clearly appear, and is perhaps unimportant. Mrs. Caroline Newton lived several years after her husband's death, never regained her mind, and died April 13, 1902.

The plaintiff claims that it was never the intention of Caroline Newton to place in the hands of a trustee' for the use of her daughter, Laura H. McKinstry, so large a fortune as $16,000, but that she intended to make provision for her only to the extent of her then independent means, which amounted to about $2,000, the 14½ acre farm, and a small amount of personal property.

He concedes that personal property acquired by Mrs. Newton after she made the will, passes under it, but says that the rule is different with regard to after-acquired real estate, and our attention is called to Section 5969 of the Revised Statutes, which has been the law of this state at least ever since the Constitution of 1851 was adopted.

That section reads as follows:

"Any estate, right, or interest, in lands or personal property or other property acquired by the testator after the making of his will, shall pass thereby, in like manner as if held or possessed

at the time of making the will, if such shall clearly and manifestly appear by the will to have been the intention of the testator.''

Referring again to the will for the words particularly affecting this controversy we read, in Item II:

''All the rest and residue of my estate and property real and personal, including 14.42 acres of land in * * * Richfield, Summit county, Ohio, as trustee, in trust for my daughter Laura M. McKinstry, of Cleveland, Ohio.''

We are constrained to hold that the intention of the testator, as shown by the will, was to devise all after-acquired property she might die seized of. Such is the natural and ordinary import of the language used.

The question now raised is lent color only by the fact that the after-acquired property is seven times as much as she possessed when she made her will and that it came to her when she was incapable of making a new will. These are facts outside of the will, and the statute says that the intention must be gathered from the will. Of course, one's intention may be gathered from his circumstances and surroundings, but they must be the circumstances and surroundings at the time of the making of the will, and not long years afterward.

Again, no question is raised as to the language being sufficient to dispose of after-acquired personal estate. Such has been, the holding of the courts from the earliest times that persons have been permitted to pass on their property to the objects of their bounty, by will; but it is said that in the absence of a statute, in Ohio, real estate acquired after the execution of a will did not pass by the will and as to such property the testator died intestate. *Smith* v. *Jones*, 4 Ohio, 116.

Now we have, not only the statute referred to, but the rule, ''that the testator will not be presumed to have intended to leave any of his estate undisposed of.'' *Davis* v. *Corwine*, 25 O. S., 668, 675.

The statute, it is true, uses the words, ''if such shall clearly and manifestly appear by the will.''

As to these words we agree with Judge Cook of the seventh circuit court:

"The words, 'clearly and manifestly' as used in Section 5969, Revised Statutes, should receive but little consideration in construing wills; and where it reasonably appears from the will that the testator intended to devise after-acquired lands, the intention should be given effect notwithstanding these intensives." *Carrel* v. *Carrel*, 24 C. C., 416.

Again we have here a general residuary clause: "all the rest and residue of my estate and property."

The authorities are abundant that such words preclude an intention to die intestate as to any property of which the testator may die seized. An instructive case on this subject and one containing a statute like ours and giving the history of such legislation is *Winchester* v. *Foster*, 57 Mass., 366, the opinion of the court being delivered by Shaw, C. J., in 1849.

The blending of the real and personal property and their disposition by apt words as a single gift, repel the suggestion that the testator may have had one intention as to her after-acquired personalty, and another intention as to her after-acquired realty. The intention as to the personalty being clear and manifest, established by repeated adjudications, it can hardly be said that the same intention as to the realty is not equally clear and manifest.

At least, in the absence of authority to the contrary, we are compelled to hold that the will of Caroline Newton passed lands acquired by her after she made her will, and it follows that the judgment of the common pleas court must be affirmed.